UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                        2:11-cr-108-FtM-29SPC

MICHAEL JAMES HARRELL
MATTHEW ROLLINS
MARICE ANDRE COLBERT
VICTOR DONGREL WILSON
_____

## OPINION AND ORDER

On August 14, 2012, 2006, United States Magistrate Judge Sheri Polster Chappell submitted a Report and Recommendation (Doc. #122) to the Court recommending that Defendant Maurice Colbert's Motion to Suppress Wiretap Evidence (Doc. #98) be denied.  Defendants Michael James Harrell, Matthew Rollins, and Victor Dongrel Wilson had adopted defendant Colbert's motion.  (Doc. #120.)  Defendant Colbert filed Objections (Doc. #126) to the Report and Recommendation, to which the government filed a Response (Doc. #127).  For the reasons set forth below, the objections are overruled and the Report and Recommendation is adopted.

### I.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir.

2010).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## II.

Defendant asserts that the court orders permitting wire and electronic interceptions should not have been issued because the government failed to show "necessity" for the wiretapping in its affidavits, as required by 18 U.S.C. § 2518(1)(c).  Section 2518(1)(c) requires each application for interception of electronic communications to provide "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518(1)(c).  The magistrate judge found that such necessity had been established, to which defendant takes exception.

-2-

Defendant argues that the magistrate judge got the questions wrong, and therefore arrived at the wrong answer.  The only proper questions, defendant argues, are "whether or not non-wiretap investigative procedures were in place and working well at the time of the wiretap applications and whether or not they would reasonably appear to succeed if continued," not whether the use of non-wiretap techniques were sufficiently exhausted.  (Doc. #126, pp. 1-2, ¶ 1.)  Defendant argues that the nine (9) investigative techniques identified by Special Agent Roncinske in ¶ 80 of the Title III Affidavit "clearly shows that these investigative procedures were in place and working well and would reasonably appear to succeed if continued."  (Doc. #126, p. 3, ¶ 4.) Defendant also assert it is important to note that the wiretap was only in place for one week before defendant was arrested.  (Id., ¶ 5.)

The purpose of the "necessity" requirement as a pre-condition for an order authorizing electronic surveillance has been stated as follows:

> The 'necessity' requirement in § 2518 ensures that law enforcement does not use electronic surveillance when less intrusive methods will suffice.  See United States v. Kahn, 415 U.S. 143, 153 n.12, 94 S. Ct. 977, 983, n.12, 39 L. Ed. 2d 225 (1974)(Stating that § 2518 'is simply designed to assure that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime.').

United States v. Perez, 661 F.3d 568, 581 (11th Cir. 2011).  See also United States v. De La Cruz Suarez, 601 F.3d 1202, 1214 (11th

Cir. 2010).  The affidavit in support of a search warrant "must simply explain the retroactive or prospective failure of several investigative techniques that reasonably suggest themselves." United States v. Van Horn, 789 F.2d 1492, 1496 (11th Cir. 1986). However, a comprehensive exhaustion of all possible investigative techniques is not necessary before applying for a wiretap. United States v. Alonso, 740 F.2d 862, 868 (11th Cir. 1984). This means that Section 2518 does not "foreclose electronic surveillance until every other imaginable method of investigation has been unsuccessfully attempted". Perez, 661 F.3d at 581 (citing Alonso, 740 F.2d at 868).  The statute was not intended "to foreclose electronic surveillance until every other imaginable method of investigation has been unsuccessfully attempted, but simply to inform the issuing judge of the difficulties involved in the use of conventional techniques." Alonso, 740 F.2d at 868 (citations omitted).  The statute does require, however, that "the Government to show why alternative measures are inadequate for this particular investigation."  Perez, 661 F.3d at 581 (citations and internal quotation marks omitted).  An order authorizing electronic surveillance "will not be overturned simply because defense lawyers are able to suggest *post factum* some investigative technique that might have been used and was not."  Alonso, 740 F.2d at 869 (internal quotation marks and citation omitted).

In <u>Perez</u>, defendant argued that the Government's success in obtaining evidence prior to receiving the intercept order demonstrated that the "necessity" requirement was not met. The Eleventh Circuit rejected this argument, stating,

> The partial success of alternative investigative measures, however, does not necessarily render electronic surveillance unnecessary. <u>See</u> <u>United States v. Fernandez</u>, 388 F.3d 1199, 1236-37 (9th Cir. 2004) (concluding that the Government met the "necessity" requirement despite "two confidential informants. . . [who] were able to provide significant information"). Indeed, we have held that district courts did not err under similar circumstances. <u>See</u> <u>De la Cruz Suarez</u>, 601 F.3d at 1214 n.7 (finding that the "necessity" requirement was met despite the Government's use of confidential informants and consensual monitoring).

<u>Perez</u>, 661 F.3d at 581-82. A wiretap has been found necessary when needed to determine the scope of the conspiracy and all of its members. <u>De La Cruz Suarez</u>, 601 F.3d at 1214; <u>United States v. Wilson</u>, 314 F. App'x 239, 242-43 (11th Cir. 2009).

After reviewing the Report and Recommendation and the documents on file, the Court agrees with the Report and Recommendation that the government's Affidavit established that the electronic surveillance was necessary under 18 U.S.C. § 2518(3)(c). Accordingly, the Court will adopt the Report and Recommendation after correcting the typographical error in the date on page 2, and will deny the motion to suppress.

Accordingly, it is now

**ORDERED:**

1.   The Magistrate Judge's Report and Recommendation (Doc. #122) is **accepted and adopted,** with the exception of the date on page 2 which is changed to "September 30, 2011", and the Report and Recommendation is specifically incorporated into this Opinion and Order.

2.   Defendant's Motion to Suppress Wiretap Evidence(Doc. #109), as adopted by all defendants, is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of August, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of Record
DCCD