```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                              2:11-cr-108-FtM-29SPC

MICHAEL JAMES HARRELL
MATTHEW ROLLINS
MAURICE ANDRE COLBERT

_____

## OPINION AND ORDER

The Second Superceding Indictment (Doc. #139) contains a "Forfeiture" provision which seeks forfeiture of property which constitutes or is derived from proceeds traceable to various counts. The government now seeks no specific property, but does seek a forfeiture money judgment. In a First Amended Bill of Particulars (Doc. #156), the government asserted that it is entitled to a $48,226.20 forfeiture money judgment, which represents the proceeds from the bank robberies charged in Counts One, Three, Five and Seven. The government further asserts that the amount of the forfeiture money judgment is a matter of sentencing for the court to determine. (Doc. #178.) Defendant Maurice Colbert[1] asserts that forfeiture is not authorized for bank robbery convictions under 18 U.S.C. § 2113, and that he is entitled

---

[1] Defendants Matthew Rollins and Michael James Harrell did not file a response to the Government's Memorandum of Law Regarding Forfeiture. Nonetheless, this Opinion and Order is applicable to defendants Michael James Harrell, Matthew Rollins, and Maurice Andre Colbert.

to a jury trial as to the amount of any forfeiture money judgment. (Doc. #224).

**A.  Forfeiture Available After Bank Robbery Conviction:**

The government included the criminal forfeiture allegation in the Second Superceding Indictment pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c).  While § 981 typically governs "civil forfeiture[s]," not criminal forfeitures, 28 U.S.C. § 2461(c) permits the government to seek criminal forfeiture whenever civil forfeiture is available and the defendant is found guilty of the offense.

> If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. . . .

28 U.S.C. § 2461(c).  "Congress enacted 28 U.S.C. § 2461(c), effective August 23, 2000, to make criminal forfeiture available in every case that the criminal forfeiture statute does not reach but for which civil forfeiture is legally authorized." United States v. Padron, 527 F.3d 1156, 1161–62 (11th Cir. 2008).

Title 18 U.S.C. § 981(a)(1) states:

> The following property is subject to forfeiture to the United States:
> ....
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of

> [specified sections] of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

In turn, 18 U.S.C. § 1956(c)(7) provides that "the term 'specified unlawful activity' means—. . . (D) an offense under [many specified sections, including] section 2113 or 2114 (relating to bank and postal robbery and theft)." Because defendants were convicted of violating 18 U.S.C. § 2113, criminal forfeiture is available pursuant to § 981(a)(1)(C) and 28 U.S.C. § 2461(c). United States v. Newman, 659 F.3d 1235, 1239-40 (9th Cir. 2011).

**B. No Jury Trial As To Amount of Forfeiture Money Judgment**

The undersigned has at least once before denied a criminal defendant's request that a jury decide the government's request for a personal money judgment, and this order was affirmed on appeal. United States v. Gray, 443 F. App'x 515, 523 (11th Cir. 2011), cert denied 132 S. Ct. 2406 (2012). Gray stated:

> Federal Rule of Criminal Procedure 32.2(b)(1)(A) states, "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." (emphasis added). If the government seeks forfeiture of a specific property, the court must determine "what property is subject to forfeiture under the applicable statute," and "whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P 32.2(b)(1)(A) (emphasis added). However, a party may request that a jury "determine the forfeitability of specific property," Fed. R. Crim. P. 32.3(b)(5) (emphasis added). Gray argues that Federal Rule of Criminal Procedure 32.3(b)(5) should be read to apply to personal money judgments, as well, but we find no grounding in the language of the statute to support this contention. Nor are we convinced by Gray's argument that her constitutional due process rights are impinged. Since

> forfeiture is an aspect of the sentencing procedure, "the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection." <u>Libretti v. United States</u>, 516 U.S. 29, 49, 116 S. Ct. 356, 367-68, 133 L. Ed. 2d 271 (1995). Given that we find no statutory or constitutional support for Gray's objection, we affirm the district court's resolution of Gray's monetary forfeiture challenge.

443 F. App'x at 523. Accordingly, Maurice Colbert's request for a jury trial is denied.

The amount of the forfeiture money judgment to be entered is a sentencing matter upon which the government bears the burden of proof. If any defendant has an objection to the amount set forth in the Presentence Report, he may of course raise it in due course and the government will have to establish the amount by a preponderance of the evidence.

Accordingly, it is now

**ORDERED:**

Maurice Colbert's request for a jury trial on the government's request for a forfeiture money judgment is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of February, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation

-4-