```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MICHAEL JAMES HARRELL,

       Petitioner,

v.　　　　　　　　　　　　　　　　　Case No: 2:16-cv-284-FtM-29CM
　　　　　　　　　　　　　　　　　　Case No. 2:11-CR-108-FTM-29CM
UNITED STATES OF AMERICA,

       Respondent.

_____

## **OPINION AND ORDER**

This matter comes before the Court on petitioner's Request to Supplemental Claim That Relate Back to the Original Motion to Vacate (Doc. #11) filed on August 8, 2016; Motion to Amend Section 2255 Pursuant to Federal Rules Civil Procedure 15(A)(C)(2) (Doc. #13) filed on August 31, 2016; and Second Amend Motion to Vacate (Doc. #16) filed on June 30, 2017. All three motions seek to supplement or amend Ground Eleven of the original April 19, 2016 Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or correct Sentence By a Person in Federal Custody (Doc. #1), which argues that bank robbery does not have an element of physical force and therefore the convictions under § 924(c) cannot stand. The Court finds that the argument is foreclosed by current binding precedent, and therefore the motions to supplement or amend will be denied as without merit.

On September 19, 2012, a grand jury in Fort Myers returned a nine-count Second Superseding Indictment (Cr. Doc. #139) charging conspiracy to commit robbery by force and violence, and by intimidation, assault by use of a dangerous weapon in violation of 18 U.S.C. §§ 2113(a) and 2113(d) in Count One; charging conspiracy to use and carry a firearm during and relation to, and to possess a firearm in furtherance of bank robbery in violation of 18 U.S.C. § 924(o) in Count Two; charging robbery by force and violence and by intimidation, and assault by dangerous weapon all in violation of 18 U.S.C. §§ 2113(a) and 2113(d), and § 2 in in Counts Three, Five, and Seven; and charging bank robbery by force and violence and by intimidation in violation of 18 U.S.C. § 2113(a) and § 2 in Count Nine.

As relevant here, Counts Four, Six, and Eight of the Second Superseding Indictment (Cr. Doc. #139) charged petitioner with using and carrying a firearm during and in relation to the bank robbery alleged in Counts Three, Five, and Seven, and with possession of a firearm in furtherance of the bank robbery all in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and § 2. After a lengthy jury trial and guilty verdicts, petitioner was sentenced to concurrent terms of 60 months as to Counts 1, 2, 3, 5, 7, 9, 10 and 11, a consecutive term to this sentence of 84 months as to Count 4, a term of 300 months consecutive to Count 4 as to Count

6, and 300 months consecutive to Count 6 as to Count 8, for a total term of 744 months of imprisonment. (Cr. Doc. #254.)

Petitioner relies on In re Pinder, 824 F.3d 977, 978 (11th Cir. 2016), to argue that § 924(c) is unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015), which found that the similarly worded § 924(e) was unconstitutionally vague. In the case of In re Pinder, the Eleventh Circuit granted an application to file a second or successive 2255 motion to vacate on the issue, but deferred to the district court to consider the issue in the first instance. The constitutionality of § 924(c) remains unsettled, In re Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016), however the Eleventh Circuit has since found that armed bank robbery in violation of §§ 2113(a) and (d) qualifies as a crime of violence under § 924(c)(3)(A)'s element clause even if the definition of a crime of violence under § 924(c)(3)(B) is found to be unconstitutionally vague, In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016). This is binding precedent. Freeman v. United States, No. 16-15678-B, 2017 WL 3923326, at *3 (11th Cir. Mar. 30, 2017), cert. denied, No. 17-5049, 2017 WL 2855226 (U.S. Oct. 2, 2017). Since Counts Three, Five, and Seven each contain an element of physical force, see, e.g., Estrella v. United States, No. 2:11-CR-40-FTM-29CM, 2017 WL 4233053, at *5 (M.D. Fla. Sept. 22, 2017) (finding that using and carrying a firearm in furtherance of a

Hobbs Act robbery qualified as a crime of violence), the argument is foreclosed and any amendment would be futile.

Accordingly, it is hereby

**ORDERED:**

Petitioner's Request to Supplemental Claim That Relate Back to the Original Motion to Vacate (Doc. #11), Motion to Amend Section 2255 Pursuant to Federal Rules Civil Procedure 15(A)(C)(2) (Doc. #13), and Second Amend Motion to Vacate (Doc. #16) are **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __13th__ day of November, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA